UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| WILLIAM MCCLURE, | |
| Plaintiff, | |
| v. | CAUSE NO. 3:20-CV-501-DRL-MGG |
| DOCTOR *et al.*, | |
| Defendants. | |

OPINION & ORDER

William McClure, a prisoner without a lawyer, filed a complaint alleging he was denied treatment for genital herpes at the Westville Correctional Facility. ECF 1. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Under 28 U.S.C. § 1915A, the court still must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against an immune defendant.

Mr. McClure alleges he filed three healthcare requests asking to receive treatment for a painful genital herpes outbreak. ECF 1 at 6. He says he was sent three written denials. However, he did not attach any of them. It is unclear who saw his requests and who denied them. He is suing an unknown doctor whom he speculates refused to treat him, but the complaint has not plausibly alleged that any doctor ever saw his healthcare request forms or refused him treatment. A complaint must contain sufficient factual matter to "state a claim that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). "Factual allegations must be enough

to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. at 555 (quotation marks, citations and footnote omitted). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not shown—that the pleader is entitled to relief.'" *Iqbal*, 556 U.S. at 679 (quotation marks and brackets omitted). Thus, "a plaintiff must do better than putting a few words on paper that, in the hands of an imaginative reader, *might* suggest that something has happened to her that *might* be redressed by the law." *Swanson v. Citibank, N.A.*, 614 F.3d 400, 403 (7th Cir. 2010) (emphasis in original). Because the complaint doesn't plausibly allege a doctor denied him medical treatment, it does not state a claim against a doctor.

Mr. McClure also names the Warden of Westville as a defendant. He says he "was involved as well." ECF 1 at 6. However, he does not say how he was involved. He says the Warden knew the doctor was refusing him treatment. However, he does not say how he knew. Moreover, merely knowing or being told about a problem is not a basis for liability. *See Burks v. Raemisch*, 555 F.3d 592, 595 (7th Cir. 2009). "[P]ublic employees are responsible for their own misdeeds but not for anyone else's." *Id.* at 596. "Only persons who cause or participate in the violations are responsible." *George v. Smith*, 507 F.3d 605, 609 (7th Cir. 2007). The Warden must be dismissed.

Finally, the clerk listed an unknown Nurse Practitioner as a defendant even though Mr. McClure did not. *See* ECF 1 at 4 and ECF 1-1. He merely named the Nurse Practitioner as a person who was involved in these events. *See* ECF 1 at 2. Therefore, Nurse Practitioner must be dismissed.

This complaint does not state a claim for which relief can be granted. Nevertheless, if he has additional facts which might state a claim against the unknown doctor, he may file an amended complaint because "[t]he usual standard in civil cases is to allow defective pleadings to be corrected, especially in early stages, at least where amendment would not be futile." *Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018). To file an amended complaint, he needs to write this cause number

on a **Pro Se 14 (INND Rev. 2/20) Prisoner Complaint** form which is available from his law library. After he properly completes and signs that form, he needs to send it to the court.

For these reasons, the court:

(1) DISMISSES Nurse Practitioner and Mark Savior;

(2) GRANTS William McClure until **October 13, 2020** to file an amended complaint; and

(3) CAUTIONS William McClure if he does not respond by the deadline, this case will be dismissed pursuant to 28 U.S.C. § 1915A without further notice because the current complaint does not state a claim for which relief can be granted.

SO ORDERED.

September 11, 2020                             *s/ Damon R. Leichty*
                                               Judge, United States District Court